[Crim. No. 12087. Fourth Dist., Div. Two. June 3, 1980.]

THE PEOPLE, Plaintiff and Appellant, v.
RALPH MIRANDA, Defendant and Respondent.

COUNSEL

Byron C. Morton, District Attorney, and Randall K. Tagami, Deputy District Attorney, for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

OPINION

**GARDNER, P. J.**—The People appeal from an order granting defendant's Penal Code section 995 motion.

Defendant, an Indian, was charged with acts of arson which were committed on Indian land. The trial court concluded that the California courts had no jurisdiction under such circumstances. We reverse.

Title 18 United States Code Annotated section 1153 provides exclusive federal jurisdiction for the prosecution of arson committed by an Indian on Indian land. However, that section is inapplicable to California. Title 18 United States Code Annotated section 1162(c) provides that "[t]he provisions of sections 1152 and 1153 of this chapter shall not be applicable within the areas of Indian country listed in subsection (a) of this section as areas over which the several states have exclusive jurisdiction." Listed in subdivision (a) of 18 United States Code Annotated section 1162 are six states, one of which is California. That section provides that California "shall have jurisdiction over offenses

committed by or against Indians in" all Indian country within the state "to the same extent that such State ... has jurisdiction over offenses committed elsewhere within the State ..., and the criminal laws of such State ... shall have the same force and effect within such Indian country as they have elsewhere within the State ...."[1]

■ Contrary to the contention before the trial court, it was not required that California enact some form of enabling legislation to assume jurisdiction before the terms of 18 United States Code Annotated section 1162 became effective in this state. Nebraska, a state identically situated with California under 18 United States Code Annotated section 1162, had occasion to address the same contention in *Robinson* v. *Sigler* (1971) 187 Neb. 144 [187 N.W.2d 756]. "By the legislation, Congress withdrew from the federal court jurisdiction over crimes affecting Indians on Indian Reservations in five specifically mentioned states. No acceptance was required of those states. The State of Nebraska, being one of them, had either concurrent or residual jurisdiction over the crime of which the appellant had been convicted, and full jurisdiction over such crime was returned to the State of Nebraska on passage of Public Law 280 [which includes 18 U.S.C.A. § 1162]." (At 187 N.W.2d 756, 759.) Oregon, another of the five states, reached the same result on the issue. (*Anderson* v. *Britton* (1957) 212 Ore. 1 [318 P.2d 291]; *Anderson* v. *Gladden* (D.Ore. 1960) 188 F.Supp. 666, affd. in *Anderson* v. *Gladden* (9th Cir. 1961) 293 F.2d 463.)

The confusion concerning enabling legislation stems from section 6 of the act which created 18 United States Code Annotated section 1162. That section gives United States consent to states to amend state Constitutions and statutes "where necessary" to remove any legal impediments to a state's assumption of jurisdiction. No California impediments were presented either to the trial court or this court. In this state "[a]ll persons who commit, in whole or in part, any crime within this state;" are "liable to punishment under the laws of this state:" (Pen.

---

[1] Originally, five states plus Alaska, as a territory, were included in 18 United States Code Annotated section 1162. The section was subsequently amended to refer to Alaska as a state. The statute treats California, Nebraska and Wisconsin in identical terms. The other three states, Alaska, Minnesota, and Oregon are also treated in identical terms to California except that certain reservations or areas are specifically omitted in those states from state criminal jurisdiction. Subdivision (b) of section 1162 contains some jurisdictional exceptions which are not relevant to the general matter under review but do pose some areas of limitation on California jurisdiction under limited circumstances.

Code, § 27.) California was not required to accept jurisdiction before it attached. (*Anderson* v. *Gladden, supra,* 188 F.Supp. 666, 679; *Robinson* v. *Sigler, supra,* 187 Neb. 144 [187 N.W.2d 757].)

18 United States Code Annotated section 1162 gave "the courts of this state unquestioned jurisdiction over offenses committed in 'All Indian country within the state.'" (*In re Carmen* (1957) 48 Cal.2d 851, 854 [313 P.2d 817].) There is no doubt on this point. (*Id.: Anderson* v. *Britton, supra; Robinson* v. *Sigler, supra; Anderson* v. *Gladden, supra,* (both decisions); also see: *United States* v. *Antelope* (1977) 430 U.S. 641, 647, fn. 8 [51 L.Ed.2d 701, 708, 97 S.Ct. 1395]; *Kennerly* v. *District Court of Montana* (1971) 400 U.S. 423, 424-455, fn. 1 [27 L.Ed. 2d 507, 509 91 S.Ct. 480]; *People* v. *Rhoades* (1970) 12 Cal.App.3d 720 [90 Cal.Rptr. 794]; *In re Carmen's Petition* (N.D.Cal. 1958) 165 F.Supp. 942 (summarily affd. at (9th Cir. 1959) 270 F.2d 809.)[2]

Judgment reversed.

Kaufman, J., and McDaniel, J., concurred.

---

[2]The 1968 provisions of 25 United States Code Annotated sections 1321, 1323 and 1326 have nothing to do with California's jurisdiction as granted by 18 United States Code Annotated section 1162.